UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-23566-KMM

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

DASSAULT FALCON 2000EX,
SERIAL NUMBER 17,
TAIL NUMBER YV3360,

    Defendants *In Rem*.
_____/

### UNITED STATES' MOTION FOR ORDER OF FORFEITURE BY DEFAULT JUDGMENT, AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and in accordance with Rule C(9) of the Local Admiralty and Maritime Rules, the United States moves the Court for an Order of Forfeiture by Default Judgment against the above-captioned Defendant *in Rem*. In support, the United States submits the following factual and legal bases.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

1. On August 8, 2025, the United States filed a Verified Complaint for Forfeiture *in Rem* ("Verified Complaint"), alleging that the following Defendant *In Rem* ("Defendant Asset"), was subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), 50 U.S.C. § 4819(d), 18 U.S.C. § 981(a)(1)(A), and the procedures set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), and the Federal Rules of Civil Procedure: a Dassault Falcon 2000EX, serial number 17, currently bearing tail number YV3360. Verified Complaint, ECF No. 1.

2. The United States published notice of this action on an official internet government site for at least 30 consecutive days between August 20, 2025, and September 18, 2025, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules. *See* Declaration of Publication, ECF No. 9.

3. In accordance with Rule G(4)(b) of the Supplemental Rules, the Government sent direct notice of the instant civil forfeiture action and a copy of the Verified Complaint to potential claimants to the Defendant Asset. *See* ECF No. 10, Exhibit A (Direct Notice Letters and FedEx Confirmations).

4. None of the known potential claimants are minors, mentally incompetent, or in military service in the United States. *See* ECF No. 10, Exhibit B (Declaration of Special Agent Robert Cunniff, U.S. Department of Commerce Bureau of Industry and Security, Office of Export Enforcement).

5. To date, no claims have been filed for the Defendant Asset, and the time for doing so has expired.

6. On October 23, 2025, the Clerk of the Court entered a Default against the Defendant Asset. *See* Clerk's Default, ECF No. 11.

## II.     MEMORANDUM OF LAW

This *in rem* action is governed by Rule G of the Supplemental Rules, Rules C and E of the Local Admiralty and Maritime Rules ("Local Admiralty Rules"), and the Federal Rules of Civil Procedure. *See* Supp. R. G(1). Rule G(2) of the Supplemental Rules requires a civil forfeiture complaint to:

> (a) be verified;
>
> (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;

    (c) describe the property with reasonable particularity;

    (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;

    (e) identify the statute under which the forfeiture action is brought; and

    (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Supp. R. G(2). The United States is also required to provide direct notice to known potential third-party claimants and publish notice of the action. Supp. R. G(4). Third-party claimants asserting an interest in defendant property must file a claim and answer to intervene in the action. Supp. R. G(5).

Here, no other parties intervened, and the Clerk of Court entered a Default against the Defendant Asset on October 23, 2025. *See* Clerk's Default, ECF No. 11. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, after the Clerk of Court enters a default in a case other than for a sum certain, a "party must apply to the court for a default judgment." *See* Fed. R. Civ. P. 55(b)(2). In addition, the Court "may conduct hearings or make referrals . . . when to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter."

*Id.* Under the Local Admiralty Rules, which apply to admiralty *in rem* proceedings that are analogous to the instant action, the moving party must make its application for default judgment "[n]ot later than thirty (30) days following notice of the entry of default." *See* Local

Admiralty Rule C(9). The United States makes this application for an Order of Forfeiture by Default Judgment within the 30 days contemplated by Local Admiralty Rule C(9).

To enter default judgment, the Court considers:

(1) whether the Court has subject-matter jurisdiction over the case, *see Arbough v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts have an obligation to ensure subject-matter jurisdiction), (2) whether the Government properly effectuated service of process, *see Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982) (improper service renders judgment void), and (3) whether the well-pleaded factual allegations state a claim where relief may be granted, *see Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

*United States v. Real Property Located at 18555 Collins Avenue, Unit 2250 Sunny Isles Beach, Fla. 33160*, No. 19- 24249-CIV-TORRES, 2021 WL 6197936, *2 (S.D. Fla. May 25, 2021), *Report and Recommend Adopted*, No. 19-24249-CIV-WILLIAMS, 2021 WL 6197797 (S.D. Fla. Dec. 30, 2021)). The Verified Complaint and the United States' Motion for Clerk's Entry of Default, including its accompanying exhibits, establish each of these elements.

First, as alleged in the Verified Complaint, the Court has subject-matter and *in rem* jurisdiction, and venue is proper in the Southern District of Florida. *See* Verified Complaint ¶¶ 3–5, ECF No. 1. District courts have original jurisdiction of all civil actions commenced by the United States. *See* 28 U.S.C. § 1345. District courts also have original and exclusive jurisdiction over any forfeiture action or proceeding. *See* 28 U.S.C. § 1355(a).

The Verified Complaint alleged that the grounds for forfeiture are violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701–1709, and related Executive Orders ("E.O.") sanctioning Nicolás Maduro Moros, Maduro's representatives in the Bolivarian Republic of Venezuela, and Petroleos de Venezuela, S.A. (PdVSA), the Venezuelan state-owned oil and natural gas company; smuggling of goods from the United States, in violation of 18 U.S.C. § 554; violations of the Export Control Reform

4

Act of 2018 ("ECRA"), 50 U.S.C. §§ 4801–4852, and the Export Administration Regulations ("EAR"), 15 C.F.R. parts 730–774; and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).. *See* Verified Complaint ¶ 2; *see also* 18 U.S.C. §§ 981(a)(1)(A) and (C); 50 U.S.C. § 4819(d).

The venue is proper because the acts or omissions giving rise to the forfeiture occurred in the Southern District of Florida. *See* 28 U.S.C. § 1355(b)(1)(A); 28 U.S.C. § 1395(c). As alleged in the Verified Complaint, the Defendant Asset received and was scheduled to receive more than $1 million in parts and services in violation of U.S. sanctions, including one part that was exported from Miami, Florida. *See* ECF No. 1 ¶¶ 55, 62.

Second, as set forth in support of the United States' Motion for Clerk's Entry of Default, the United States has complied with the notice and service requirements of Rule G(4) of the Supplemental Rules. *See* Mot. for Clerk's Default, ECF No. 10. Notice of this civil forfeiture action was published on an official internet government forfeiture site (www.forfeiture.gov) for at least 30 consecutive days beginning on August 20, 2025. *See* Declaration of Publication, ECF No. 9. The Government sent direct notice or personally served notice of the instant civil forfeiture action to potential claimants and the nominal title owner of the Defendant Asset. *See* ECF No. 10, Exhibit A.[1] The Defendant Asset and the

---

[1] The United States is not required to show proof of actual notice to forfeit an asset; all that is required to meet due process is notice reasonably calculated to provide actual notice of the forfeiture. *See Dusenberry v. United States*, 534 U.S. 161, 162, 172–73 (2002) (holding that method of sending notice must be reasonably calculated to provide actual notice to potential claimant, but government is not required to prove that claimant received actual notice); *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005) (holding that reasonable notice requires only that government attempt to provide actual notice; it does not require that the government demonstrate that notice was received). Here, the United States sent notice to the potential claimants, Support Airborne, LLC and PdVSA, via Federal Express, DHL, email, and fax. *See* ECF No. 10, Exhibit A.

known potential claimants are not minors, mentally incompetent, or in military service in the United States. *See* ECF No. 10, Exhibit B.

Third, the United States is entitled to final default judgment because the factual allegations set forth in the Verified Complaint, when taken as true, establish that that Defendant Asset is subject to forfeiture as property constituting or derived from proceeds traceable to IEEPA violations; property constituting or derived from proceeds traceable to smuggling; Property constituting or traceable to gross proceeds, an item or technology exported, in violation of ECRA; property involved in money laundering conspiracy. *See* 18 U.S.C. §§ 981(a)(1)(A) and (C); 50 U.S.C. § 4819(d); *see also United States v. Waked Hatum*, 969 F.3d 1156, 1162 (11th Cir. 2020) (forfeitable property involved in money laundering includes the property laundered, which is "the corpus,", along with "any commissions or fees paid to the laundered and any property used to facilitate the laundering offense") (quoting *United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009)). Further, the factual allegations were verified under penalty of perjury by Special Agent Robert Cunniff of the Bureau of Industry and Security, Office of Export Enforcement. *See* ECF No. 1 at 24.

Consequently, hearings are not necessary to enter or effectuate the requested default judgment, as there is no need to conduct an accounting or determine the amount of damages, and the factual allegations have been undisputed and verified in this action. *See* Fed. R. Civ. P. 55(b)(2); *accord* Local Admiralty Rule C(9)(a).

Therefore, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the United States requests that the Court enter the attached Order of Forfeiture by Default Judgment, forfeiting to the United States all right, title, and interest in the Defendant Asset for disposition in accordance with the law.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By: /s/ *Jorge R. Delgado*
Jorge R. Delgado
Assistant United States Attorney
Florida Bar No. 084118
U.S. Attorney's Office
500 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 660-5954
E-mail: Jorge.Delgado2@usdoj.gov


By: /s/ *Joshua Paster*
Joshua Paster, Court ID No. A5502616
Assistant United States Attorneys
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9342
E-mail: joshua.paster@usdoj.gov

**SCOTT M. LARA**
**ACTING CHIEF**
**COUNTERINTELLIGENCE AND EXPORT**
**CONTROL SECTION**
**NATIONAL SECURITY DIVISION**

By: /s/ *Brett Ruff*
Brett Ruff, Court ID No. A5503201
Trial Attorney
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue N.W.
Washington, DC 20530
Telephone: (202) 616-0736
E-mail: brett.ruff@usdoj.gov